Argued and submitted November 9, 1979, affirmed March 17, 1980

STATE OF OREGON,
*Respondent,*
*v.*
WESTSIDE FISH COMPANY,
*Appellant.*

(No. 1288, CA 13991)

608 P2d 562

M. D. Van Valkenburgh, The Dalles, argued the cause for appellant. With him on the brief was Heisler, Van Valkenburgh & Coats, The Dalles.

W. Benny Won, Assistant Attorney General, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Richardson and Joseph,* Judges.

JOSEPH, J.

---

*Joseph, J., *vice* Lee, J., deceased.

**JOSEPH, J.**

Defendant was convicted by a jury of possession by a wholesale fish dealer of fish taken for ceremonial purposes. OAR 635-41-040(3)(c).[1] Defendant contends that Westside Fish Company is merely an assumed business name, not a legal entity, and so cannot be held criminally culpable under ORS 161.095(1)[2] and ORS 161.015(5).[3] Evidence at trial, however, disclosed that Westside Fish Company is a partnership. A partnership is a "person" within the meaning of ORS 161.015(5); therefore, it can be held criminally culpable under ORS 161.095(1).[4]

Defendant's other assignments of error do not merit discussion.

Affirmed.

---

[1] Formerly OAR 635-35-040; authority for the rule rests on ORS 506.036, 506.119 and 506.129; penalties are provided by ORS 506.991.

[2] ORS 161.095(1):

"The minimal requirement for a criminal liability is the performance by a *person* of conduct which includes a voluntary act or the omission to perform an act which he is capable of performing." (Emphasis supplied.)

[3] ORS 161.015(5):

" 'Person' means a human being and, where appropriate, a public or private corporation, an unincorporated association, a partnership, a government or a governmental instrumentality."

[4] Defendant has not raised an issue about the proper way to charge partnership criminal liability.